# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

MICHAEL DAVID GANTT,    )
         )
        Plaintiff,    )   Civil Action No. 3:07-3591-CMC-BM
         )
v.         )
         )
TOWN OF GASTON,    )  **REPORT AND RECOMMENDATION**
         )
        Defendant.    )
_____)

        The Plaintiff has filed this action, pro se, alleging that the Town of Gaston has violated the Voting Rights Act by not receiving pre-clearance of annexations as required by 28 C.F.R. 51.10. The undersigned issued an order on January 16, 2008 which stated as follows:

> The Scheduling Order in this case dated December 7, 2007 shall be vacated, in order for a determination to be made as to whether a three-judge panel should be appointed pursuant to 28 U.S.C. § 2284. If this case comes within the requirements of the three-judge statute, the requirement is jurisdictional and cannot be waived. Noe v. True, 507 F.2d 9, 11 (6th Cir. 1974). The Plaintiff shall have fifteen (15) days to request a three-judge panel and the Defendant shall have fifteen (15) days from the filing date of such request to file a response.

See Order issued January 16, 2008.

Notwithstanding the specific instructions as set forth in the Court's Order of January 16, 2008, the Plaintiff failed to notify the Court as to his wishes or intentions.

        As the Plaintiff is proceeding pro se, the court filed a second order on February 4, 2008, noting that the Court had had no communication from the Plaintiff since the filing of the affidavit of service on November 20, 2007, and that it appeared to the Court that Plaintiff may not wish to pursue this matter further. Plaintiff was ordered to advise the Court within ten (10) days as to whether he wished to continue with this case and, if so, whether he believed appointment of a three



judge panel was required.  Plaintiff was further specifically advised that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute.  <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P.

The requisite time has now expired. The Plaintiff still did not respond, and has therefore failed to indicate that he wishes to proceed with this case or to prosecute this matter in any way.  Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

February 29, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

